**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4054**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LYNN T. EDMONDS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:08-cr-00317-JAG-2)

Submitted: June 19, 2013

Decided: July 18, 2013

Before TRAXLER, Chief Judge, and DUNCAN and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alexandria, Virginia; Michael A. Jagels, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lynn T. Edmonds, Jr. appeals his eighteen-month sentence for violating a condition of his supervised release. Edmonds argues that the district court impermissibly considered the seriousness of the release violations when the court imposed his sentence. Upon our review of the record, we affirm the district court's judgment.

Edmonds was convicted in 2008 of possession with intent to distribute cocaine base, and received a sentence of 71 months' imprisonment[1] for that offense. His sentence also included a four-year term of supervised release. As a condition of that supervised release, the district court ordered that Edmonds participate in an approved substance abuse treatment program.

Seven months after his release from prison, Edmonds' probation officer filed a "petition on supervised release" (the petition). The petition alleged that Edmonds had violated several conditions of his supervision, resulting from: (1) his commission of the felony offense of possession of a firearm by a convicted felon; and (2) his commission of three misdemeanor offenses, including the sale and distribution of marijuana,

_____

[1] Edmonds' sentence of imprisonment was eventually reduced pursuant to 18 U.S.C. § 3582(c), and he served a total of 47 months in prison.

driving with a suspended license,[2] and leaving the judicial district without receiving the permission of his probation officer. The probation officer later filed an addendum to the petition alleging that Edmonds also had "fail[ed] to satisfactorily participate in a substance abuse treatment program."

The district court considered the petition and addendum at a hearing held in January 2013. The court found Edmonds guilty of two charged violations of supervised release, which resulted from his acts of driving without a license and of failing to satisfactorily complete a substance abuse treatment program. The court found Edmonds not guilty of the remaining alleged violations. The court held that there was insufficient evidence to support the firearm and drug-related allegations. Additionally, the court concluded that "there would be no reason" for Edmonds to have known that he had left the judicial district when he merely had traveled to a nearby town, and, therefore, the court found Edmonds not guilty of the alleged supervised release violation of leaving the judicial district without permission.

---

[2] At the violation hearing, defense counsel clarified that Edmonds had been convicted of driving without a license, rather than driving with a suspended license, as alleged in the petition.

Before imposing the sentence, the district court stated that the violation for Edmonds' failure to complete the substance abuse treatment program was "very serious," and observed that Edmonds' original offense was drug-related. The court sentenced Edmonds to an eighteen-month term of imprisonment (the revocation sentence), an upward variance from the six-to-twelve month advisory range established by the United States Sentencing Guidelines.

Edmonds concedes that the applicable standard of review on appeal is for plain error, based on his failure to object in the district court to the matters he raises here. We agree, and therefore we review for plain error the district court's reference to the seriousness of the release violation. See United States v. Bennett, 698 F.3d 194, 199-200 (4th Cir. 2012). Accordingly, Edmonds must establish that the district court erred, that the error was "plain," and that the error affected his substantial rights. Id. at 200 (citing United States v. Olano, 507 U.S. 725 (1993)).

To determine whether the district court erred, we consider whether the revocation sentence is "plainly unreasonable." Bennett, 698 F.3d at 200; United States v. Crudup, 461 F.3d 433, 436-38 (4th Cir. 2006). We first evaluate whether the sentence was unreasonable, "follow[ing] generally the procedural and substantive considerations that we employ in our review of

4

original sentences," making certain modifications to "take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39. In doing so, we adhere to "a deferential appellate posture concerning issues of fact and the exercise of discretion." Id. at 439 (citation omitted). If we conclude that a revocation sentence is unreasonable, we then consider whether the sentence was plainly, or clearly, unreasonable. Id.

When imposing a revocation sentence, a district court is directed to consider certain enumerated statutory factors that also are required for consideration of sentences imposed in the first instance. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for deterrence and to protect the public, the defendant's need for various correctional treatments, any guidelines or policy statements issued by the United States Sentencing Commission, the need to avoid unwarranted sentence disparities with other defendants, and restitution for victims. See 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)).

We note, however, that "some of the sentencing factors listed in § 3553(a) applicable to original sentences are not applicable to revocation sentences," including "whether the revocation sentence reflects the seriousness of the offense,

5

promotes respect for the law, and provides just punishment for the offense." Crudup, 461 F.3d at 438-39 (citing 18 U.S.C. § 3553(a)(2)(A)) (internal alterations and quotation marks omitted). We thus have emphasized that punishment for new criminal conduct is not the primary purpose of a revocation sentence. Crudup, 461 F.3d at 437-38 (citation omitted). Rather, we view "the defendant's failure to follow the court-imposed conditions of supervised release as a breach of trust." Id. at 437 (internal alterations and quotation marks omitted); see also U.S.S.G. App'x § 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

Edmonds' only contention on appeal is that the district court procedurally erred when it "considered an unauthorized statutory factor" in imposing his sentence, namely, the seriousness of the supervised release violation. Edmonds points to various statements the district court made at the violation hearing, including the court's statement that it considered Edmonds' failure to attend substance abuse treatment to be "a very serious violation," which was "very troubling."

We conclude that the district court did not plainly err in articulating its reasons for imposing the eighteen-month

sentence. Under 18 U.S.C. § 3583(e) and § 3553(a)(1), the court was permitted to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The transcript of the violation hearing indicates that the district court found Edmonds' failure to participate in substance abuse treatment "troubling" and "serious," because that condition of supervised release gave Edmonds "a chance to take care of the [drug] problem that got him [to court] in the first place." This reasoning relating to the circumstances of Edmonds' release violation and to his personal characteristics was plainly within the permissible factors set forth in Section 3583(e).

Moreover, the district court found that Edmonds exhibited a lack of respect for his probation officer and the conditions of supervision when Edmonds falsely told his probation officer that Edmonds' substance abuse counselor had allowed him to stop treatment. These findings were proper, because they related directly to Edmonds' breach of the court's trust and reflected a central purpose of revocation sentences. See Crudup, 461 F.3d at 437.

Finally, the district court entered an order following the violation hearing memorializing its findings. The order provided in part:

> The Court considered the policy statements in Chapter Seven of the United States Sentencing Guidelines and the factors in 18 U.S.C. §§ 3553(a) & 3583(e). Based on the defendant's breach of trust and his misstatements to the Court and the probation officer about his substance abuse treatment, the Court SENTENCES the defendant to 18 months of imprisonment with no supervised release to follow.

These stated findings further support our conclusion that the district court relied on proper factors in imposing Edmonds' revocation sentence.

District courts have "substantial latitude in devising revocation sentences for those defendants who violate [the court's] orders governing their conduct during supervised release." Crudup, 461 F.3d at 438. In light of the record and the deference owed to the district court, we affirm Edmonds' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

8